Muriel **FARKAS** et al., Plaintiffs,

v.

John L. **BARRY**, Suffolk County Commissioner of Police, et al., Defendants.

Civ. A. No. 71 C 1087.

United States District Court,
E. D. New York.

Jan. 6, 1972.

Burt Neuborne, New York City, N. Y. Civil Liberties Union and Jerome Seidel, Brooklyn, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen. of N. Y., for defendant George Aspland, Suffolk County Dist. Atty. by Steven M. Hochberg, Asst. Atty. Gen.; Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel.

George W. Percy, Jr., County Atty. of Suffolk County, for defendants John L. Barry, Suffolk County Com'r. of Police, and H. Lee Dennison, Suffolk County Executive by Melvyn Tanenbaum, Asst. County Atty.

Before FEINBERG, Circuit Judge, and JUDD and NEAHER, District Judges.

## OPINION

NEAHER, District Judge.

On the evening of August 6, 1971, one William Baird was delivering a lecture in Huntington, Long Island, on the subject "Overpopulation, Birth Control and Contraceptive Devices." Unknown to those in attendance, the lecture was being observed by Suffolk County police officers. In the course of the lecture, the police officers arrested Baird and Mrs. Nancy Manfredonia, who was present in the audience with her 14-month old daughter, on charges of endangering the infant's welfare in violation of New York Penal Law § 260.10.[1] McKinney's Consol.Laws, c. 40. The accused were taken to police headquarters and booked, and then confined overnight in a town jail. The next morning, August 7th, they were arraigned in the Suffolk County District Court and released pending trial after the police refused to dismiss the charges.

Concerned by these actions of the police and fearing possible arrest and prosecution if they attended a similar lecture by Baird scheduled for August 13, 1971, a number of parents of minor children commenced this civil rights action pursuant to 42 U.S.C. § 1983, seeking injunctive and other relief against the police commissioner and other officials of Suffolk County. Plaintiffs charged that the Baird and Manfredonia arrests and alleged threats to arrest others were designed to intimidate persons who wished to publicly discuss contraception and birth control in Suffolk County and had the effect of frightening and dissuading plaintiffs from attending the scheduled August 13th lecture.

Since important rights of free speech, assembly and parent-child relationship protected by the First, Ninth and Fourteenth Amendments to the Constitution appeared to be involved, a judge of this court granted a temporary restraining order to insure that those who wished to hear Baird lecture could do so without risking possible arrest or prosecution. Thereafter, in view of plaintiffs' application for a preliminary injunction aimed at striking down Penal Law § 260.10 on constitutional grounds, a three-judge court was convened to determine the matter as required by 28 U.S. C. §§ 2281–2284.

---

1. Plaintiffs were charged in formal misdemeanor complaints with violating section 260.10 of the New York Penal Law, which provides:

§ 260.10 Endangering the welfare of a child

A person is guilty of endangering the welfare of a child when:

1. He knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a male child less than sixteen years old or a female child less than seventeen years old or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his life or health; or

2. Being a parent, guardian or other person legally charged with the care or custody of a child less than eighteen years old, he fails or refuses to exercise reasonable diligence in the control of such child to prevent him from becoming an "abused child," a "neglected child," a "juvenile delinquent" or a "person in need of supervision," as those terms are defined in articles ten and seven of the family court act.

Endangering the welfare of a child is a class A misdemeanor.

As amended L.1970, c. 389, eff. Sept. 1, 1970; L.1970, c. 962, § 14, eff. May 1, 1970.

The hearing on November 16, 1971 confirmed the occurrence of subsequent events in the criminal proceedings against Mr. Baird and Mrs. Manfredonia, which completely blur the focus of this lawsuit. See Sanks v. Georgia, 401 U.S. 144, 152, 91 S.Ct. 593, 27 L. Ed.2d 741 (1971). The State court, in which the criminal proceedings were pending, has ruled that Penal Law § 260.10 does not extend to lecture activities of the type for which Mr. Baird and Mrs. Manfredonia were arrested, and all charges against them have been dismissed. The defendant district attorney, who moved for that dismissal, has stated under oath he was unaware of the arrests, did not authorize them, and would have declined to prosecute the charges because, after careful study, it was his opinion that Penal Law § 260.10 "is not applicable to a parent bringing a minor child to attend a lecture on birth control." The plaintiffs are satisfied with his assurance. In addition, the defendant police commissioner has also stated as follows under oath:

> Deponent is familiar with the aforesaid determinations of the District Court of Suffolk County, and with the determinations of the District Attorney of Suffolk County that Penal Law § 260.10 is not applicable to a parent bringing a minor child to attend a lecture on birth control. Deponent has and will comply with said determinations.

These assurances by the public officials directly involved remove any need for immediate injunctive relief from this court. Moreover, in view of the statements by defendant district attorney and plaintiffs' satisfaction with this assurance, the action against the district attorney should not continue. We grant his motion to dismiss.

However, defendant Barry is in a different factual position. His affidavit goes to great lengths to spell out various theories to justify in retrospect not only the arrest of Mr. Baird but also the arrest of Mrs. Manfredonia. Plaintiffs argue that these theories and others may be used to justify similar arrests again. In view of what has occurred in the past to Mrs. Manfredonia, a parent of a minor, we cannot say that plaintiffs, also parents of minors, will be unable to prove, at the full hearing of the action for a permanent injunction, that there have been "bad faith" arrests in the past which are still threatened in the future and which chill plaintiffs' constitutional rights to attend Mr. Baird's lectures.[2] See Younger v. Harris, 401 U.S. 37, 49, 54, 56, 91 S.Ct. 746, 27 L. Ed.2d 669 (1971).[3]

Accordingly, plaintiffs' motion for a preliminary injunction is denied, the temporary restraining order is dissolved, and the motion of the district attorney to dismiss is granted. The motion to dismiss of defendant Barry is denied.

So ordered.

---

**2.** It is of interest that defendant Barry has continued to hold "the board used by Mr. Baird" and has asked this court in a letter dated December 13, 1971 from his attorney (some four months after Baird's arrest) whether we wish it "retained, or delivered to the court for safekeeping as an exhibit" in this and the related action referred to, *infra*, note 3. We see no reason why, upon proper assurance from Baird or his attorney that the board will be produced upon request, it cannot be returned to Baird.

**3.** We are aware that the persons actually arrested, Mrs. Manfredonia and Mr. Baird, have commenced a separate action in this court, Manfredonia, et al. v. Barry, et al., *Civil Action No. 71 C 1229,* to redress alleged violation of their civil rights by reason of the incident referred to in the present complaint. That action seeks monetary damages as well as injunctive relief. However, this three-judge court has dealt only with the issues before it.